IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
DOUGLAS L. WILKINSON,          )
                               )
               Plaintiff,      )
                               )
vs.                            )    Case No. 06-1311-MLB
                               )
MICHAEL J. ASTRUE,[1]          )
Commissioner of                )
Social Security,               )
                               )
               Defendant.      )
_____)
```

RECOMMENDATION AND REPORT

On October 23, 2006, plaintiff filed a complaint in this court seeking review of the decision of the Commissioner of Social Security (Doc. 1) regarding plaintiff's request for waiver of overpaid supplemental security income payments (Doc. 10-2 at 7). On January 19, 2007, defendant filed a motion to dismiss (Doc. 9-10). Plaintiff has not responded to the motion.

The documents provided by defendant as part of their motion indicate that the notice of the unfavorable decision by the

---

[1]On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1

administrative law judge (ALJ) was mailed to him on May 24, 2005 (Doc. 10-2 at 4-6).  The notice informed plaintiff that he must file a request for review within 60 days from the date plaintiff received the notice, and that the Appeals Council would assume that plaintiff received the notice within 5 days of May 24, 2005 unless plaintiff showed he did not receive it within the 5 day period (Doc. 10-2 at 4).  A claimant may request Appeals Council review within 60 days after the date the claimant received notice of the hearing decision.  20 C.F.R. § 416.1468(a).  In a letter dated October 9, 2005, plaintiff wrote a letter to the Appeals Council seeking review of the ALJ decision of May 24, 2005 (Doc. 10-2 at 15-16).  On November 3, 2005, defendant sent a notice to the plaintiff asking for reasons why plaintiff did not file his request for review within the 60 days (Doc. 10-2 at 17-18).  Plaintiff responded on December 3, 2005, but provided no explanation for not filing a request for review within 60 days (Doc. 10-2 at 19).  On January 5, 2006, defendant mailed plaintiff a notice of the Appeals Council order dismissing the request for review because it found no good cause to extend the time for plaintiff to have filed his request for review of the ALJ's decision (Doc. 10-2 at 20-22).

    42 U.S.C. § 405(g) provides that a party may obtain judicial review in federal district court of any "final decision" of the Commissioner after a hearing.  The term "final decision" is left

undefined by the Social Security Act and its meaning is to be fleshed out by the Commissioner's regulations. Weinberger v. Salfi, 422 U.S. 749, 766, 95 S. Ct. 2457, 2467 (1975).

The administrative review process in Social Security disability cases is set forth in 20 C.F.R. § 416.1400:

> (a) *Explanation of the administrative review process*. This subpart explains the procedures we follow in determining your rights under title XVI of the Social Security Act. The regulations describe the process of administrative review and explain your right to judicial review after you have taken all the necessary administrative steps. The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:
>
> (1) *Initial determination*. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.
>
> (2) *Reconsideration*. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) *Hearing before an administrative law judge*. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) *Appeals Council review*. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> (5) *Federal court review*. When you have completed the steps of the administrative review process listed in paragraphs (a)(1)

> through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.
>
> (6) *Expedited appeals process*. At some time after your initial determination has been reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to go directly to a Federal district court so that the constitutional issue may be resolved.

The regulation concerning judicial review is as follows:

> (a) General. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner. A claimant may also obtain judicial review of a reconsidered determination, or of a decision of an administrative law judge, where, under the expedited appeals procedure, further administrative review is waived by agreement under §§ 404.926, 410.629d, or 416.1426 of this chapter or 42 CFR 405.718a-e as appropriate.

20 C.F.R. § 422.210(a).  See Bowen v. City of New York, 476 U.S. 467, 471-472, 106 S. Ct. 2022, 2025-2026 (1986).

The outcome of this case is controlled by the decision of Brandtner v. Department of Health and Human Services, 150 F.3d 1306 (10th Cir. 1998).  In that case, the ALJ issued his decision on January 27, 1994, and the plaintiff was notified that, if he wished to appeal the ALJ's decision, he must do so within 60 days

from the date he received notice of the decision.  However, the plaintiff did not petition the Appeals Council to review the ALJ's decision until June 19, 1996, well beyond the 60 days from notification of the ALJ decision.  The court held as follows:

> Because plaintiff failed to make a timely request for review of the ALJ's decision denying benefits to the Appeals Council, the ALJ's decision binds plaintiff. See id. § 404.955(a).[2]  The Appeals Council's dismissal of plaintiff's request for review is binding and not subject to further review. See id. § 404.972.[3]  The dismissal as untimely is not a decision on the merits or a denial of a request for review by the Appeals Council, both of which constitute final decisions and can be reviewed by the federal district court. See id. § 404.981.[4]  Our sole jurisdictional basis in social security cases arises from 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Secretary. See Reed v. Heckler, 756 F.2d 779, 782 (10th Cir.1985). Plaintiff did not request administrative review of the ALJ's decision in a timely manner, the Appeals Council dismissed his request for review as untimely, and, consequently, there is no "final decision" for us to review. With one exception, every circuit court that has addressed this question has reached this same result...[W]e join the majority of circuit courts in holding that we have no jurisdiction to review a decision when the Appeals Council has dismissed an untimely request for review,

---

[2] 20 C.F.R. § 416.1455(a) is the identical regulation for supplemental security income cases.

[3] 20 C.F.R. § 416.1472 is the identical regulation for supplemental security income cases.

[4] 20 C.F.R. § 416.1481 is the identical regulation for supplemental security income cases.

> because there is no final decision of the Secretary as required under 42 U.S.C. § 405(g). The district court was correct in dismissing the action for that reason. Accordingly, the appeal is DISMISSED for lack of jurisdiction.

150 F.3d at 1307.

As in <u>Brandtner</u>, plaintiff in this case failed to file a request for review within 60 days of receiving notice of the unfavorable ALJ decision. Plaintiff's request for review was dated over 4 months after mailing of the notice of the ALJ decision. Furthermore, plaintiff provided no explanation for failing to file the notice in a timely fashion. Therefore, this case should be dismissed for lack of jurisdiction.[5]

The requirement that the administrative remedies be exhausted and a final decision obtained is waivable when a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate. <u>Bowen</u>, 476 U.S. at 482-483, 106 S. Ct. at 2031. This is so when 3 requirements have been met: (1) plaintiff asserts a colorable constitutional claim that is collateral to the substantive claim of entitlement, (2) exhaustion would result

---

[5] The government also argues that the case should be dismissed for lack of jurisdiction because plaintiff filed this case on October 23, 2006, over 9 months after the Appeals Council order dismissing the request for review as untimely. 20 U.S.C. § 405(g) requires that a claimant file a civil action within 60 days after receiving notice of a final decision of the Commissioner. However, since there was no final decision by the Commissioner in this case, this issue need not be addressed.

6

in irreparable harm, and (3) exhaustion would be futile.  <u>Harline v. Drug Enforcement Administration</u>, 148 F.3d 1199, 1203 (10th 1998); <u>Koerpel v. Heckler</u>, 797 F.2d 858, 862 (10th Cir. 1986). On the other hand, if a claimant alleges a mere deviation from the applicable regulations in his or her particular administrative proceeding, such individual errors are, in the normal course, fully correctable upon subsequent administrative review since the claimant on appeal will alert the agency to the alleged deviation.  Because of the agency's expertise in administering its own regulations, the agency ordinarily should be given the opportunity to review application of those regulations to a particular factual context.  <u>Bowen</u>, 476 U.S. at 484-485, 106 S. Ct. at 2032.  Because plaintiff failed to respond to the motion to dismiss, the court finds no basis for waiving the requirement of exhaustion of administrative remedies.[6]

IT IS THEREFORE RECOMMENDED that defendant's motion to dismiss be granted for lack of jurisdiction.

The parties may serve and file written objections to the recommendation no later than April 30, 2007.  A copy of this

---

[6]The court would note that defendant's motion to dismiss does not indicate that it was mailed to the defendant.  However, the court was informed by the U.S. Attorney's office that the motion was mailed to the defendant.  Therefore, in an abundance of caution, a copy of the defendant's motion and accompanying documents will be included in the mailings to the defendant.  In addition, defendant will be accorded additional time to file his objections to this recommendation and report.

recommendation and report, and defendant's motion and accompanying documents shall be provided to plaintiff by regular mail, and by certified mail, return receipt requested.

Dated at Wichita, Kansas, on April 5, 2007.

                                      s/John Thomas Reid
                                      JOHN THOMAS REID
                                      United States Magistrate Judge